JONES, JUDGE:
The claimant, H. L. Gilliam, an employee of the United State Department of Agriculture, Consumer 'and Marketing Service, Federal Food Stamp Program, .alleges that he was driving his personal car over Secondary State Route No. 11 in Jackson County at about 10:40 A.M. on August 8, 1968, when his 1967 Chevrolet Chevelle automobile was damaged as a result of the negligence of employees of the respondent, State Road Commission. The claimant’s version of what occurred is substantially as follows: “I had traveled approximately seven or eight miles on Secondary Route No. 11 when I saw a number of ‘Men Working’ signs. Soon I encountered men and machines ‘ditching’ 'the road. There was a windrow of earth and rocks in the center of ithe road, approximately fifty yards long and two feet high. One of the highway crewmen waved me forward, and I proceeded on the right-hand side of the windrow at about one or two miles per hour. I kept my left wheels as close to the 'windrow as possible a's there was very little clearance. About two-thirds of the way along the windrow, the clearance was so narrow that I scraped the 'right-hand side of my oar against the heavy brush alongside the road. Considerable paint was damaged and my right rear door was 'also damaged, being dented in several places.” It was a warm day and the windows of the claimant's car were rolled down. He further testified that “I didn’t know I had damaged the car until I made my first stop which was about ten minutes after 'the damage”, and that there were leaves, twigs 'and soft mud on the damaged side of the car. *116 The claimant obtained rthr.ee estimates for repairing damage to the right front door rand right front fender, repairing and refinishing the right rear door and quarter panel 'and repairing 'the rear door lock assembly, the lowest estimate of $144.66 being the amount of his claim.
Two witnesses for the respondent, a truck driver-foreman and a grader operator, testified that the gravel and stone road was fourteen to 'sixteen feet wide, the windrow of dirt and rock near the center of ithe road was approximately two feet wide and two feet high, that there was no heavy brush along the ditch line which had just been graded and cleared, and that they could see nothing to interfere with traffic proceeding carefully through the work 'area. They further testified that there was considerable traffic over the road during their ditching operation, and that they had no complaints from anyone, including the claimant.
The Court will concede the probability that claimant’s car was damaged somewhere in the work area; but no specific act of negligence on the part of the respondent has been proved, and in view of the conflicting testimony, it is impossible to say which party may or may not have been negligent. The claimant’s case leaves too much to speculation. An award may not be based on speculative .evidence, but if the Court were to resort to the crystal ball, it would expect to see some negligence on the part of the claimant which would, in any event, preclude his recovery.
Accordingly, this claim is disallowed.